UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION


CIVIL ACTION NO.: 3:14-cv-30004

| | |
|---|---|
| GEORGE FORDJOUR,<br>        Plaintiff | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| UNITED STATES POSTAL SERVICE<br>        Reach and Apply Defendant | ) |
| | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REACH AND APPLY AND FOR PRELIMINARY INJUNCTION**

**INTRODUCTION**

The plaintiff, George Fordjour, submits this Memorandum of Law in Support of his Motion to Reach and Apply and for a Preliminary Injunction. Plaintiff seeks to reach and apply all monies which reach and apply defendant, the United States Postal Service, currently owes or will owe to Ideas Express and/or Charles Asare-Bediako (hereinafter "debtor"). This includes payments for work performed by debtor pursuant to a service contact with reach and apply defendant and attached to the Verified Complaint to Reach and Apply as Exhibit C. Plaintiff also seeks by way of injunctive relief an order which enjoins reach and apply defendant from making any payments directly or indirectly to debtor and requiring reach and apply defendant to apply said payments to the indebtedness due to plaintiff from debtor. Plaintiff seeks this preliminary injunction to satisfy the judgment which has entered in plaintiff's favor on its complaint against debtor for failure to pay wages.

**FACTS**

Plaintiff hereby incorporates by reference the facts set forth in its Verified Complaint to Reach and Apply. In brief, plaintiff seeks to recover a Default Judgment in the amount of Fifty Thousand and Six Hundred and Six 37/100 Dollars ($50,606.37) granted by the Springfield District Court, Docket No. 1223CV001813, on or about August 20, 2013. Executions on Money Judgment entered against debtor on or about September 12, 2013.

Since obtaining the Executions, plaintiff has utilized the services of the Hampden County Sheriff's Department to determine the assets, if any, owned by debtor, with which to satisfy the Executions. Plaintiff has been unable to locate any such assets.

On information and belief, debtor hauls mail for reach and apply defendant pursuant to a service contract. Plaintiff seeks to satisfy the outstanding Judgment by reaching and applying monies currently owed or will be owed to debtor by reach and apply defendant.

**ARGUMENT**

**A.** **Plaintiff is Entitled to Reach and Apply Payments by the Reach and Apply Defendant.**

"Massachusetts law provides for two types of bills to reach and apply. The first type is a traditional remedy available to judgment creditors who have been unable to execute on the defendant's assets." *In re Rare Coin Galleries of Am., Inc., et al., v. Vinick & Young, Etc., et al.,* 862 F.2d 896, 903 (1988), citing *Wax v. Monks*, 327 Mass. 1, 3 (1951). The second type includes a series of statutory bills to reach and apply pursuant to G.L. c. 214, § 3 (6)-(9). *Id* at 904. In an action to reach and apply, the Court must engage in a two step process to establish (1) the indebtedness of the defendant and (2) that the defendant has property that can be reached by the

575626

plaintiff in satisfaction of the defendant's debt.  M.G.L. c. 214, §§ 3(6); *Papamechail v. Holyoke Mut. Ins. Co.*, 8 Mass. App. Ct. 849 (1979).

In the present case, both prongs of the two step inquiry are readily met.  First, the verified allegations set forth in plaintiff's Complaint to Reach and Apply together with the attached exhibits establish that judgment was entered against debtor in favor of plaintiff in the amount of Fifty Thousand and Six Hundred and Six 37/100 Dollars ($50,606.37).

Secondly, on information and belief, reach and apply defendant is making payments to debtor for work performed by debtor pursuant to a service contact; however, the value of the contract or when said monies will become due is currently unknown to plaintiff.  These monies may be reached and applied to satisfy the judgment which plaintiff obtained against debtor.

In addition, plaintiff has been unable to execute on debtor's assets to satisfy the outstanding judgment. Plaintiff has utilized the services of the Hampden County Sheriff's Department to determine the assets, if any, owned by debtor, with which to satisfy the Executions. No such assets have been located.

## CONCLUSION

For the foregoing reasons, the plaintiff, George Fordjour, moves that this Court grant an equitable attachment and preliminary injunction as set forth in the motion accompanying this memorandum as well as the proposed order attached thereto.

575626

THE PLAINTIFF

By   /s/ Kevin Chrisanthopoulos, Esq.
Kevin Chrisanthopoulos, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115-5609
Phone (413) 732-2301 Fax (413) 452-0330
kchrisanthopoulos@robinsondonovan.com
BBO No. 643734

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated below as non-registered participants on this 8th day of January, 2014.

And by certified, return receipt requested mail to the following:

Office of the Attorney General
Department of Justice
10th & Pennsylvania Ave., N.W.
Washington, D.C. 20530

U.S. Postmaster General
475 L'Enfant Plaza, S.W.
Washington, D.C. 20260-0010

United States Attorney
Civil Process Clerk
District of Massachusetts
John Joseph Moakley United States Federal
Court House
1 Courthouse Way, Suite 9200
Boston, MA 02210

  /s/ Kevin Chrisanthopoulos, Esq.
Kevin Chrisanthopoulos

575626